TORBERT, Chief Justice
(concurring specially).
At issue in this appeal is whether “interest” charged to a lessee-purchaser of equipment should be considered a portion of the gross sales price for sales tax purposes when the lessee-purchaser elects to convert' the lease transaction into a sale.
The trial court and our Court of Civil Appeals agreed with the contention of the State that the interest charged by lessor-seller and paid by lessee-purchaser was in reality “a recovery of expense” or “a cost of doing business” and thus was properly included as a part of “gross receipts” under Code 1975, § 40-23-l(a)(8). I cannot agree with this proposition because the interest or finance charge was paid by the lessee-purchaser and not by the lessor-seller, the taxpayer herein.
The transaction, however, is an unusual one in the sense that interest or finance charges are not generally imposed on a party who leases property. In this case, a cash sales price for the equipment was established between the parties; however, the parties agreed that an interest or finance charge would accrue daily on the unpaid balance from time to time during the period rental payments were made. Ordinarily, interest or finance charges are not made until the sales transaction occurs.
The basis for my concurrence with the majority in this case is that the parties to these hybrid lease-purchase transactions treated the transactions as sales. The les *501 see-purchaser deducted the interest or finance charge paid as an expense, and the lessor-seller accounted for it as income for state and federal income tax purposes. If the equipment had been sold initially, the tax due the state would have been 1.5% of the established sales price and there would have been no sales tax on the interest or finance charge.